UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DANIEL BEHLMAN,
      Plaintiff,            CASE NO. 21-cv-100

  v.                          JURY TRIAL DEMANDED

FAIRWAY TRANSIT, INC,

and

PAULINE JASKE

      Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by Plaintiff Daniel Behlman against Fairway Transit, Inc. and Pauline Jaske for unpaid wages and overtime compensation.

2. Plaintiff Behlman was employed by Defendant Fairway Transit, Inc., at times since approximately June of 2004. Defendant Fairway Transit is owned and operated by Pauline Jaske. Defendant Fairway Transit, Inc. has had a common policy and practice of failing to pay Plaintiff Behlman for all hours worked in a given workweek. Additionally, Defendant Fairway Transit, Inc. has had a common policy and practice of failing to pay Plaintiff Behlman overtime premium compensation for all hours worked in excess of forty in a given workweek.

3. As a result of the above, Defendants Fairway Transit, Inc. and Pauline Jaske have failed to compensate Plaintiff Behlman for all hours worked and failed

to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as Wisconsin wage and hour laws.

4. Plaintiff Behlman brings this action for the purpose of obtaining relief under the FLSA for unpaid wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Behlman also brings this action for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Fairway Transit, Inc. has substantial and systematic contacts in this district.

## PARTIES

8. Defendant Fairway Transit, Inc. is a Wisconsin Corporation with a principal place of business located at 930 Silvernail Road, Pewaukee, Wisconsin 53072.

9. Defendant Fairway Transit, Inc's registered agent for service of process in the State of Wisconsin is Pauline Trupke Jaske located at 930 Silvernail Road, Pewaukee, Wisconsin 53072.

10. Defendant Pauline Jaske is an adult resident of Waukesha County, Wisconsin residing at 3275 S. Johnson Rd. in New Berlin, Wisconsin, 53146.

11. Plaintiff Daniel Behlman ("Plaintiff") is an adult resident of Waukesha County in the State of Wisconsin.

12. Defendants Fairway Transit, Inc. and Pauline Jaske will be referred to herein collectively as "Fairway Transit."

## GENERAL ALLEGATIONS

13. Plaintiff has been employed by Fairway Transit as a Lugger Truck Driver by Fairway Transit since on or around June 1, 2004.

14. While employed by Fairway Transit as a Lugger Truck Driver, since approximately May of 2017, Plaintiff did not drive a lugger truck outside the state of Wisconsin.

15. While employed by Fairway Transit, Plaintiff was paid an agreed upon hourly rate for Plaintiff's work, which was based on a percent of the hourly rate Fairway Transit received for the work Plaintiff performed.

16. Fairway Transit had a common policy or practice of not compensating Plaintiff for time spent doing certain compensable work activities, such as driving his work truck back to the main office after a final delivery, fueling the truck at the end of a shift, washing the truck at the end of the shift, performing a post trip inspection, or watching over a broken-down truck.

17. As a result of Fairway Transit's policy and practice of not compensating Plaintiff for these tasks, Fairway Transit failed to pay Plaintiff for all compensable work hours at the agreed upon hourly rate in violation of Wisconsin law.

18. Fairway Transit regularly suffered or permitted Plaintiff to work in excess of forty hours in numerous workweeks.

19. During the time Plaintiff was employed by Fairway Transit, Fairway Transit has been aware that Plaintiff worked in excess of forty hours in numerous workweeks.

20. During Plaintiff's employment, Fairway Transit paid Plaintiff at the same agreed upon hourly rate for hours worked regardless of those hours being under or over forty in a workweek.

21. Fairway Transit failed to pay Plaintiff at one and one-half times his respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of the FLSA.

22. Fairway Transit has failed to compensate Plaintiff at one and one-half times his respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of Wisconsin law.

23. Defendant Pauline Jaske owns and is the president of Defendant Fairway Transit, Inc.

24. Defendant Pauline Jaske had and continues to have control of the day-to-day operations of Fairway Transit, Inc.

25. Defendant Pauline Jaske had and continues to have control over all human resources and compensation aspects of Fairway Transit, including those compensation policies and practices that relate to Plaintiff Daniel Behlman.

26. Pauline Jaske determined the rates and methods of compensation for Plaintiff, determined that Plaintiff would not be paid for certain work tasks, and determined that Plaintiff would not be paid an overtime premium for all hours worked in excess of forty hours in a workweek.

27. Fairway Transit's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff.

## FIRST CLAIM FOR RELIEF
## Violations of the Fair Labor Standards Act of 1938 as Amended

28. Plaintiff reasserts and incorporates by reference all preceding paragraphs as if restated herein.

29. Since January 22, 2018, while employed by Fairway Transit, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

30. Since January 22, 2018, Fairway Transit has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

31. Since January 22, 2018, while employed by Fairway Transit, Plaintiff has been an employee within the meaning of 29 U.S.C. § 203(e).

32. Since January 22, 2018, Fairway Transit has been an employer of Plaintiff as provided under 29 U.S.C. § 203(d) during Fairway Transit's employment of Plaintiff.

33. Since January 22, 2018, while Plaintiff was employed by Fairway Transit, Fairway Transit has violated the FLSA by failing to pay overtime compensation due to Plaintiff for each hour worked in excess of forty hours in any given workweek.

34. Plaintiff is entitled to damages equal to mandated overtime premium pay for all hours worked since January 22, 2018, plus periods of equitable tolling because Fairway Transit acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

35. Alternatively, should the Court find that Fairway Transit did not act willfully in failing to pay overtime premium wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

36. Pursuant to FLSA, 29 U.S.C. §216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages, which Plaintiff seeks in this matter.

## SECOND CLAIM FOR RELIEF
## Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as restated herein.

38. Since January 22, 2019, while employed by Fairway Transit, Plaintiff was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

39. Since January 22, 2019, while employed by Fairway Transit, Plaintiff was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

40. Since January 22, 2019, while employed by Fairway Transit, Plaintiff was an employee within the meaning of Wis. Stat. §§ 104.01 *et seq.*

41. Since January 22, 2019, Plaintiff was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

42. Since January 22, 2019, Plaintiff was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

43. Since January 22, 2019, Fairway Transit was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

44. Since January 22, 2019, Fairway Transit was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

45. Since January 22, 2019, Fairway Transit was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

46. Since January 22, 2019, Fairway Transit was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

47. Since January 22, 2019, Fairway Transit was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

48. Since January 22, 2019, Fairway Transit has employed, and/or continues to employ Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*

49. Since January 22, 2019, Fairway Transit has employed, and/or continues to employ Plaintiff within the meaning of Wis. Stat. §§ 103.001 *et seq.*

50. Since January 22, 2019, Fairway Transit employed, and/or continues to employ Plaintiff within the meaning of Wis. Stat. §§ 104.01 *et seq.*

51. Since January 22, 2019, Fairway Transit employed, and/or continues to employ Plaintiff within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

52. Since January 22, 2019, Fairway Transit employed, and/or continues to employ Plaintiff within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

53. Since January 22, 2019, Plaintiff regularly performed activities that were an integral and indispensable part of Plaintiff's principal activities without receiving compensation for these activities.

54. Since January 22, 2019, Fairway Transit had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff for all hours worked and failing to properly

pay Plaintiff overtime wages for all hours worked in excess of forty hours in a given workweek.

55. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

56. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime, and agreed upon wages.

57. As set forth above, Plaintiff has sustained losses in Plaintiff's compensation as a proximate result of Fairway Transit's violations. Accordingly, Plaintiff seeks damages in the amount of Plaintiff's respective unpaid compensation and such other legal and equitable relief as the Court deems just and proper.

58. Under Wis. Stat. §109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent of Plaintiff's unpaid wages.

59. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Fairway Transit, pursuant to the Wisconsin law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Fairway Transit's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

b) An Order finding that Fairway Transit violated the FLSA and Wisconsin wage and hour law;

c) An Order finding that these violations are willful;

d) Judgement against Fairway Transit in the amount equal to the Plaintiff's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

e) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

f) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

g) Such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 22nd day of January, 2021.

Respectfully submitted,

*s/LARRY A. JOHNSON*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiff
Nathan Caputa
Bar Number 1115499
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com
ncaputa@hq-law.com